This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellant,

v.                                                           **NO. 34,956**

**AMY HERRERA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

D. Eric Hannum
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**KENNEDY, Judge.**

{1}     The State appeals from a district court order excluding evidence, which effectively excluded a witness. We issued a calendar notice proposing to reverse. Defendant has responded with a memorandum in opposition. We reverse.

{2}     In this appeal, the State has challenged the district court's order effectively excluding a State witnesses as a sanction for a discovery violation. "A court has the discretion to impose sanctions for the violation of a discovery order that results in prejudice to the opposing party." *State v. Harper*, 2011-NMSC-044, ¶ 16, 150 N.M. 745, 266 P.3d 25.  But "the mere showing of violation of a discovery order, without a showing of prejudice, is not grounds for sanctioning a party." *Id.*  Once prejudice is shown, any sanction should "affect the evidence at trial and the merits of the case as little as possible." *Id.* "Our case law generally provides that the refusal to comply with a district court's discovery order only rises to the level of exclusion or dismissal where the State's conduct is especially culpable, such as where evidence is unilaterally withheld by the State in bad faith, or all access to the evidence is precluded by State intransigence." *Id.* ¶ 17.

{3}     In this case, Defendant has been charged with second degree murder for allegedly shooting her husband. [DS 4-5] A stipulated discovery order was entered requiring the State to produce copies of computer hard drives that had been taken from the residence. [RP 84] Defendant subsequently moved to dismiss based on the State's failure to produce these copies. [RP 188] The district court did not grant

2

Defendant's request to dismiss the charges. The suppression of the late-disclosed computer evidence did not provide the court with a sanction alternative, because this evidence was going to be used by Defendant to show that the decedent was the type of individual who could trigger a self-defense situation. Since the court did not want to suppress the computer evidence, it chose to suppress a statement made by Defendant to a friend when she found out from a credit card statement that her husband had been a member of Ashley Madison: "I wish I could kill him again." [MIO 1, 3; RP 301]

{4} We believe that the district court abused its discretion in this case. There was no showing below that the State acted in bad faith, or was otherwise "especially culpable," as contemplated by *Harper*. Also, there was nothing on the computer hard drives that relates to the anticipated testimony of the excluded witness. The suppressed "I wish I could kill him again" statement was made to a friend after Defendant opened up a credit card statement and found out that her husband had been a member of an online dating site. [MIO 3] Although Defendant argues [MIO 7] that the court only suppressed the above-noted statement, and not the witness, the suppression effectively excluded this witness because that statement was the only reason to call him as a witness. There was also no showing that the late discovery presented Defendant from reviewing the materials in preparation for trial. *See id.* ¶ 16 ("Prejudice must be more than speculative; the party claiming prejudice must prove

3

prejudice—it is not enough to simply assert prejudice."). With respect to Defendant's claim [MIO 5] that the excluded statement is not substantial proof of a fact material to the proceeding, we disagree. Although the statement could be interpreted in a manner that is consistent with Defendant's innocence [MIO 10], it could also be interpreted as probative of whether Defendant acted in self-defense, or whether her anger at her husband caused her to shoot him without justification. Finally, with respect to Defendant's claim [MIO 11] that the statement could lead to a "mini-trial" about the couple's relationship, we emphasize that our decision is limited to the exclusion of this witness as a sanction. We express no opinion as to whether exclusion is proper on any other basis.

{5}     For the reasons set forth above, we reverse.

{6}     **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**

4

_____

**LINDA M. VANZI, Judge**